UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-129 CAS (VBKx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | IGNACIO BARBOZA V. CLINICAS DEL CAMINO | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants

n/a                                                                  n/a

**Proceedings:** **(In Chambers:)** DEFENDANT CLINICAS DEL CAMINO REAL INC.'S MOTION TO DISMISS CASE (Docket #4, filed January 15, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 4, 2013 is vacated, and the matter is hereby taken under submission.

I.      INTRODUCTION AND BACKGROUND

On August 24, 2012, this case was filed in the Small Claims Court of the Ventura County Superior Court against Clinicas Del Camino Real, Inc. ("Clinicas"), asserting a single for medical malpractice. Specifically, plaintiff alleges that he was provided with improper dental care, and suffered an infection as a result. Small Claims Compl., Dkt. #1 Ex. A. Plaintiff demands $10,000 in damages, covering the cost of a new dentist, the money paid to Clinicas, and pain and suffering. Id. Clinicas removed the case to this Court on January 8, 2013.

On January 9, 2013, the United States of America substituted in place of defendant Clinicas pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(a). Dkt. # 3. The basis of the substitution is that Clinicas receives federal funding, and was acting as a federal employee within the scope of its employment at all times material to plaintiff's complaint. Dkt. #3. At the time plaintiff filed his complaint, he was unaware that Clinicas was a public entity. See Small Claims Compl., Dkt. #1 Ex. A (checking "no" in response to question asking whether the defendant is a public entity).

On January 15, 2013, defendant moved pursuant to Federal Rule of Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-129 CAS (VBKx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | IGNACIO BARBOZA V. CLINICAS DEL CAMINO | | |

Procedure 12(b)(1) to dismiss this case for lack of subject matter jurisdiction, arguing that plaintiff has failed to exhaust required administrative remedies. Plaintiff, who is proceeding pro se, has not filed a reply. After considering plaintiff's complaint and defendant's motion, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

## III.   DISCUSSION

The United States argues that the Court lacks subject matter jurisdiction over this case because plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 1436(b), 2671 – 2680 ("FTCA"); Torres Decl. ¶ 4. The United States argues that the administrative exhaustion requirement is jurisdictional in nature, and therefore that this case should be dismissed without prejudice for lack of jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-129 CAS (VBKx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | IGNACIO BARBOZA V. CLINICAS DEL CAMINO | | |

The United States is correct that the Court may not exercise subject matter jurisdiction over plaintiff's medical malpractice claim against it until plaintiff has exhausted administrative remedies. See, e.g., Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. . . .[w]e have repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'"); see also 28 U.S.C. § 2675(a).  Accordingly, the Court lacks jurisdiction over this action, and therefore must dismiss this case.

**IV.   CONCLUSION**

In accordance with the foregoing, plaintiff's claim is hereby DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | MS | | |